IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PREFERRED CHIROPRACTIC, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-cv-972-DRH |
| ) | |
| HARTFORD CASUALTY INSURANCE ) | |
| COMPANY and HEATHER WEISS, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**HERNDON, Chief Judge:**

### Introduction and Background

On or about November 9, 2010, plaintiff Preferred Chiropractic, LLC, (Chiropractic) filed a complaint for declaratory judgment and damages against defendants Hartford Casualty Insurance Company (Hartford) and Heather Weiss in the Circuit Court for the Twentieth Judicial Circuit in St. Clair County, Illinois. Defendant Hartford removed the action on or about December 1, 2010, pursuant to 28 U.S.C. § 1441 based on 28 U.S.C. § 1332, diversity jurisdiction (Doc. 2). Chiropractic ultimately seeks a finding that Hartford must defend Chiropractic in its underlying lawsuit against Weiss, styled *Preferred Chiropractic, LLC v.*

*Heather Weiss, et al.*, no. 09-L-582, pending in the Twentieth Judicial Circuit of St. Clair County, Illinois.

Now before the Court are plaintiff Chiropractic's and defendant Weiss's motions to remand (Docs. 13 and 19). Chiropractic and Weiss argue remand is proper because complete diversity of citizenship does not exist and because defendant Hartford did not obtain defendant Weiss's consent to removal. Hartford's response in opposition to the motions to remand argues Weiss's consent was not needed because Weiss was not served prior to the removal, and diversity of citizenship exists because the parties should be realigned and Weiss should be considered a plaintiff. Hartford claims realignment is proper because defendant Weiss and plaintiff Chiropractic share a common interest against Hartford: Chiropractic wants Hartford to pay for and provide a defense in the underlying suit, and Weiss has an interest in Chiropractic obtaining funds from Hartford with which to pay to Weiss any prospective judgments against Chiropractic. Based on the record and the applicable law, the Court GRANTS the motions to remand.

Also pending in this matter are the following motions: Hartford's motion to realign the parties (Doc. 7); Hartford's motion for judgment on the pleadings as to paragraph 13 of plaintiff's complaint (Doc. 9); Chiropractic's motion to dismiss or to stay counterclaim on issue of duty to indemnify (Doc. 23); Chiropractic's motion to strike Hartford's reply to Chiropractic's response to Hartford's motion for judgment on the pleadings (Doc. 31); Hartford's motion for partial summary

judgment (Doc. 37); and Hartford's motion to stay discovery pending a ruling on its motion for summary judgment (Doc. 42). Each of these motions is DENIED as this Court lacks jurisdiction to consider them.

## **Legal Standard**

Diversity jurisdiction requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. A corporation shall be deemed a citizen of any state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(2). The citizenship for an LLC for purposes of diversity jurisdiction is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). An individual is a citizen of the state where she is domiciled. *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).

The federal removal statute, 28 U.S.C. § 1441, provides a diversity action is removable if the requirements for diversity jurisdiction are met and "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Thus, if a properly joined and served[1] defendant resides in the state where an action is brought, that action may not be removed on diversity grounds. This so-called forum defendant

---

[1] Objections to service of process are waived by voluntary appearance and participation in a suit. FED. R. CIV. P. 12(h). *See McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995) ("[A] person waives the defense of defective service if he voluntarily submits himself to the court's jurisdiction by appearing before it and allowing it to adjudicate his rights.").

rule reflects the belief that federal diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state. *Spencer v. United States Dist. Ct.*, 393 F.3d 867, 870 (9th Cir. 2004) (quoting ERWIN CHEMERINKSY, FEDERAL JURISDICTION § 5.5 (4th ed. 2003)); *see also* 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 107.14(2)(e)(I) (3d ed. 1999). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c).

The procedural requirements for removal are set forth in 28 U.S.C. § 1446(b). All defendants' consent to removal is generally required to satisfy the requirements of 1446(b). *See id.* at § 1446(a) ("A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . ."); *see also Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997) (requiring all defendants' consent); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) (same). As the Seventh Circuit stated in *Roe*, "[a] petition for removal fails unless all defendants join it. To 'join' a motion is to support it in writing." 38 F.3d at 301 (internal citations omitted).

Where jurisdiction is based on diversity of citizenship, "the court may ascertain whether the alignment of the parties as plaintiff and defendant conforms with their true interests in the litigation." *Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981). Realignment of the parties "is proper when

the court finds that no actual, substantial controversy exists between the parties on one side of the dispute and their named opponents, although realignment may destroy diversity and deprive the court of jurisdiction." *Id.* In conducting its inquiry, "the court may look beyond the pleadings and consider the nature of the dispute in order to assess the parties' real interests." *Id.* The facts which form the basis for realignment must have been in existence at the time the action was commenced. *Id.* "The propriety of alignment is a matter not determined by mechanical rules, but rather by pragmatic review of the principal purpose of the action and the controlling matter in dispute." *Id.* at 151. It is "the points of substantial antagonism, not agreement, on which the realignment question must turn." *Id.* A "mere mutuality of interest in escaping liability is not of itself sufficient to justify realignment." *Id.* In Illinois, injured claimants are proper parties to declaratory judgment actions involving an insurer's responsibilities on a policy. *Williams v. Madison Cnty. Mut. Auto. Ins. Co.*, 40 Ill. 2d 404, 407 (Ill. 1968).

The "normal alignment of parties in suits seeking a declaratory judgment of non-coverage is Insurer vs. Insured and Injured Party." *Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998). This is because any finding that the insurer owes a duty to indemnify an insured mutually benefits the insured party and the injured party. *Grinnell Select Ins. Co. v. Glodo*, No. 08-cv-891-JPG 2009 WL 455126, at *2 (S.D. Ill. Feb. 23, 2009). While this alignment is generally true for declaratory judgments seeking indemnity, a duty to defend is different. In

Illinois, a duty to defend is distinct and separate from a duty to indemnify. *Aetna Cas. & Sur. Co. v. Prestige Cas. Co.*, 195 Ill. App. 3d 660, 664 (Ill. App. Ct. 1990). The issue of indemnification is not ripe until the underlying litigation is terminated—until there has been an actual judgment that requires payment from the insured or its insurer to the plaintiff. *Id.* In the actions underlying declaratory judgment actions regarding duties to defend, the insured and injured often have adverse interests--an adversity which does not end until after a judgment. *See Grinnell*, 2009 WL 455126, at *2.

## Analysis

Defendant Weiss, an individual, is a citizen of Illinois. Defendant Hartford, a corporation, is a citizen of both Connecticut, its principal place of business, and Indiana, its state of incorporation. Plaintiff, an LLC with a single member who is an Illinois citizen, is a citizen of Illinois.

At the time of removal, there is no evidence in the record before this Court that defendant Weiss had been served. As such, consent of defendant Weiss to the removal was not required, and the forum defendant rule did not preclude removal. Now, however, Weiss having appeared and participated in this suit, it is apparent Weiss has waived any defenses based on allegedly improper service of process and is a party to this litigation. As plaintiff Chiropractic and defendant Weiss are both citizens of Illinois, diversity of citizenship is incomplete. Without

complete diversity of citizenship, this Court lacks subject matter jurisdiction and the case must be remanded. The only way for complete diversity of citizenship to exist is if the parties are realigned, with defendant Weiss being considered a plaintiff for purposes of removal.

However, realignment is not proper in this situation. Plaintiff Chiropractic and defendant Weiss have adverse interests in the underlying action where they are adverse parties and Weiss alleges counterclaims against Chiropractic. This adversity will not end until judgment has been reached in the underlying proceeding. Hartford's assertion that Weiss has an interest in Chiropractic obtaining funds from Hartford with which to pay a prospective judgment against Chiropractic conflates a duty to defend with a duty to indemnify. Chiropractic is not seeking indemnification from Hartford with which to satisfy a judgment in favor of Weiss—there is no judgment to satisfy. Chiropractic is seeking a defense. The point of substantial antagonism between Chiropractic and Weiss is their opposition in the underlying suit and Chiropractic's attempt to obtain a defense from Hartford with which to ultimately defeat Weiss in the underlying action. As such, the parties in the instant declaratory judgment action are properly aligned—defendant Weiss is properly considered a defendant, aligned with defendant Hartford and against plaintiff Chiropractic.

Because there is an arguable basis for Hartford's position on realignment, albeit a losing argument given the eventual facts in this instance, the Court finds

that plaintiff's request for attorney fees and costs in pursuing this motion shall be denied as unjust in the circumstances.

Because the parties are properly aligned, there is incomplete diversity of citizenship. This Court therefore lacks subject matter jurisdiction and the case must be remanded.

**IT IS SO ORDERED.**

Signed this 31st day of May, 2011.

Digitally signed by David R. Herndon
Date: 2011.05.31 15:11:42 -05'00'

**Chief Judge
United States District Court**